Sean C. Serpe, Esq. (SS-6810)  
SERPE & ASSOICATES, P.C.  
450 Seventh Avenue  
Suite 2601  
New York, New York 10123  
(Phone)(212) 725-3600; (Fax)(212) 660-7439  
sean@seanserpelaw.com  
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------x  

| | |
|---|---|
| In re: | Case No. 09-10482 |
|     EVAN LIEBERMAN, | Chapter 7 |
|                     Debtor, | |

----------------------------------------------------------------x  
EVAN LIEBERMAN,

                Plaintiff,

  -against-

                                          Adv. Proc. No.

TD BANKNORTH,

                Defendant.  
----------------------------------------------------------------x

## **COMPLAINT**

      1.    On February 3, 2009, the Plaintiff/Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code, by filing a petition which has been assigned No. 09-10482 in this Court.

      2.    On February 3, 2009, an order for relief was entered in this case pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection against the Debtor.

3. This court has jurisdiction to heart this matter under 28 U.S.C. § 1334, because it arises in the above captioned bankruptcy case and is related to it. This proceeding is a core proceeding.

4. The Defendant was named in Schedule F of the petition as a creditor without security or priority. The Defendant is a creditor of the Debtor by virtue of Debtor having a given a loan to the Defendant.

5. The Defendant was included in the creditor address matrix at the address: TD Bank N.A., 70 Gray Road, Portland, Maine 04105-2299 and 1701 Route 70 East, Cherry Hill, New Jersey 08003.

6. The Defendant had until May 5, 2009 to file an objection to the Plaintiff's discharge. It failed to do so.

7. By order dated August 5, 2009, the Plaintiff received a discharge of his debts, including on the revolving credit account with the Defendant.

8. The Plaintiff received a letter from the Defendant dated September 8, 2009. In the letter, the Defendant demanded payment on the loan or face possible collection.

9. At no time did any agent or employee of the Defendant communicate or attempt to communicate with the Debtor's undersigned counsel, although the Defendant knew or had reason to know that the Debtor was represented by him as an attorney with respect to his debt, and the Defendant knew or could readily ascertain the address of the attorney.

WHEREFORE, the Plaintiff/Debtor prays that this Court will enter an Order:

A. Declaring the Defendant violated the discharge order granted herein for its actions in collecting against the Plaintiff;

B. Awarding the Plaintiff compensatory and punitive damages, plus attorneys fees and costs pursuant to 11 U.S.C. Sections 105 and 524; and

C. Granting such additional relief as it deems necessary or proper.

Dated: New York, New York
January 26, 2010

    Respectfully submitted,

    SERPE & ASSOCIATES, P.C.
    Attorneys for the Plaintiff

    /s/ Sean C. Serpe
    Sean C. Serpe, Esq. (SS-6810)
    450 Seventh Avenue
    Suite 2601
    New York, New York 10123
    (212) 725-3600